UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JONATHAN CHAMBERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 2:13-cv-00119-JMS-WGH |
| | ) | |
| MARK LEVENHAGEN, | ) | |
| | ) | |
| Respondent.[1] | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Jonathan Chambers for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WCC 12-07-0634. For the reasons explained in this Entry, Chambers' habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] Superintendent Mark Levenhagen, in his official capacity, is substituted for former Superintendent Brown pursuant to Rule 25(d) of the *Federal Rules of Civil Procedure.*

### B. The Disciplinary Proceeding

On July 19, 2012, Officer Davila issued Chambers a conduct report charging him with attempting to assault an officer. Officer Davila reported that on July 18, 2012, at approximately 10:45 while the power to the prison was out due to a storm, he and another officer made a security round and while passing Chambers' cell, Chambers charged at the officers yelling "Get them, there's no cameras!" Chambers was brought into the dayroom and placed in mechanical restraints. He was then escorted to a holding area by another officer.

On July 31, 2012, Chambers was notified of the charge of attempted assault on staff and given a copy of the report of conduct and the screening report. He was notified of his rights, pled not guilty and did not request the appointment of a lay advocate. He did not request any witnesses or physical evidence. A hearing was conducted on August 2, 2012.

The disciplinary hearing officer found Chambers guilty of the charge and issued the following sanctions: 365 days disciplinary segregation, 365 days earned credit time deprivation, and a demotion in credit class. In finding Chambers guilty the hearing officer considered the conduct report, staff witness statements, and Chamber's statement.

Chambers appealed this disciplinary proceeding through the administrative process without success. Chambers now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### C. Analysis

Chambers argues that he was denied due process because the decision to discipline him was not supported by "some evidence." He contends that he was convicted of assault and there was no evidence that he hit either officer or that they suffered any physical injuries.

Although the Report of Disciplinary Hearing lists the offense as assault on staff, the conduct report and all subsequent appeal papers refer to the charge as attempted assault on staff. There was no requirement to show actual injury to the officers.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted). The Report of Disciplinary Hearing reflects that the hearing officer considered staff reports, evidence from witnesses, and the statement of the offender. A rational adjudicator could readily conclude from the content of the conduct report and statement of Officer Creech that Chambers charged at Officer Davila and Officer Creech, yelling "get them, there's no cameras." This supports the finding that Chambers was guilty of attempted assault on staff. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Chambers' contention that there was no evidence to support the charge is contradicted by the record.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the

charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Chambers petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 07/29/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jonathan Chambers
No. 219888
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

All electronically registered counsel